**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | |
|---|---|
| LIBERTY DISPOSAL, INC.; CITY OF KANKAKEE; ABC DISPOSAL, INC.; NEBLOCK TRUCKING, INC; BRETT LINGREN; and JOHN ANDRUCH and JACK ANDRUCH, JR. d/b/a WALNUT FARMS; <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS P. SCOTT, in his official capacity as Director of the Illinois Environmental Protection Agency; <br><br> Defendant. | Case No.: _____ <br><br> FILED: MARCH 31, 2009    LI <br> 09CV1985 <br> JUDGE CASTILLO <br> MAGISTRATE  JUDGE SCHENKIER |

---

**PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION AGAINST DEFENDANT**

For claims for relief against Defendant DOUGLAS P. SCOTT ("Defendant"), in his official capacity only, Plaintiffs Liberty Disposal, Inc., the City of Kankakee, ABC Disposal, Inc., Neblock Trucking, Inc. Brett Lindgren and John Andruch, Jr. and Jack Andruch d/b/a Walnut Farms ("Plaintiffs") complain and allege as follows:

**JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

§ 1331 because this action arises under the laws of the United States, including *inter alia*, Article I, Section 8, Clause 3, of the United States Constitution and Section 1983 of Title 42 of the United States Code. In addition, this Court has jurisdiction over this action pursuant to

or disposal facilities in Kankakee County, Illinois that are accepting waste, and there are no such facilities that are economically, mechanically, and logistically feasible to travel to by collection vehicles. Thus, the only method of moving waste out of Kankakee County, Illinois is through a transfer station. In addition to United Disposal, there is another transfer station located in Kankakee County, specifically in Momence, Illinois (hereinafter "Momence transfer station"). The Momence transfer station is not owned or operated by United Disposal, is not geographically limited as respects waste acceptance by its Illinois EPA permits, and, on information and belief, is at, near, or over capacity.

6.      Plaintiff Liberty Disposal, Inc. (Liberty Disposal) is an Illinois Corporation formed on May 30, 2008. Its principal office is in Chebanse, Illinois. Liberty Disposal is a waste transporter that has and seeks customers who are waste generators from within and outside Bradley, Illinois. Liberty Disposal has sought to transport waste generated outside of Bradley to United Disposal's transfer station. However, United Disposal has informed Liberty Disposal that it is unable to accept waste generated outside the boundaries of Bradley because of the geographical restriction in its Illinois EPA permits. Liberty Disposal's only alternative location for transferring waste waste generated outside Bradley is the Momence transfer station. Customers of Liberty Disposal or customers that Liberty Disposal seeks are closer to Bradley than to Momence. Moreover, the Momence transfer station imposes higher fees than does United Disposal for identical waste.

7.      The City of Kankakee is an Illinois municipal corporation within the County of Kankakee. Its principal offices are at 385 East Oak Street, Kankakee, Illinois 60901. The City of Kankakee for itself and its residents is a waste generator. Presently the City of Kankakee has its waste collected and transported by a third-party , ABC Disposal, Inc., to the Momence transfer station.  The City of Kankakee has sought to have its waste transferred at United Disposal because the distance to Bradley is shorter than Momence and because the Momence transfer station imposes higher fees than does United Disposal for identical waste. The geographical restriction in United Disposal's Illinois EPA permits prevents United Disposal from accepting

Bradley until March, 2007 when he moved to Chebanse. When Lindgren lived in Bradley he was a residential customer of United Disposal. When he moved to Chebanse, Lindgren sought to maintain his residential service with United Disposal. However, Lindgren was informed by United Disposal that it could not accept waste generated outside Bradley at its permitted transfer station, because of the geographical restriction on its Illinois EPA permits. Otherwise United Disposal was prepared to provide Lindgren with continued residential service at a cost less than that charged by the other waste haulers that are forced to use the Momence transfer station.

11.     John Andruch, Jr. and Jack Andruch are brothers operating a feed and livestock farm under the business name Walnut Farms. Walnut Farms is located along the border of Illinois and Indiana with farm property located in both states. John Andruch resides in Indiana at 7000 West State Road 10, Lake Village, Indiana 46349. Jack Andruch is an Illinois resident residing at 18000 East State Road 114, Momence, Illinois 60954. Walnut Farms regularly does business in Bradley. Walnut Farms wants to bring the waste it generates on its own farm, outside of Bradley and, in part, outside Illinois to United Disposal's transfer station. However, United Disposal has informed Walnut Farms that United Disposal is unable to accept waste generated outside of Bradley because of the geographical restriction in its Illinois EPA permit. Because Walnut Farms does business in Bradley and has available backhauls from Bradley, it would incur little or no transportation costs for disposal of waste at United Disposal. The only alternative transfer station at Momence imposes higher fees than does United Disposal for identical waste.

12.     Defendant Douglas P. Scott is the Director of the Illinois Environmental Protection Agency and is being sued in his official capacity only. His principal places of business are Springfield and Chicago, Illinois.

13.     The Illinois Environmental Protection Agency ("IEPA") is an agency of the State of Illinois created by the Illinois General Assembly in Section 4 of the Illinois Environmental Protection Act ("the Act"), 415 ILCS 5/4 (2006), and is charged with enforcing the Act.

**C.    The 1994 Amendment to the Act**

19.    On July 8, 1993, the United States District Court for the Southern District of
Illinois, in a case called *Tennsv, Inc. v. Gade* (Case No. 92-503 WLB), struck down the
provisions of the Act that distinguished between LPCFs and RPCFs on the ground that those
provisions violated the Dormant Commerce Clause of the U.S. Constitution. [*Tennsv, Inc. v.
Gade*, U.S. Dist. Ct., S.D. Ill., Case No. 92-503 WLB, consolidated with *VLP Corporation v.
Penny*, U.S. Dist. Ct., S.D. Ill., Case No. 92-522 WLB, Order dated July 8, 1993, published at
1993 U.S. Dist. LEXIS 10403; 24 ELR 20019].

**Comment [A1]:** I don't see any value
to including a copy of the order as an
exhibit to the complaint.

20.    In response to United States District Court's order in *Tennsv, Inc. v. Gade*, the
Illinois legislature enacted Illinois Public Act 94-951 ("the 1994 Amendment"), which amended
the Act, effective December 22, 1994, so as to abolish the distinction between RPCFs and LPCFs
and to require all new pollution control facilities, including but not limited to transfer stations, to
obtain siting approval.  Section 98 of Illinois Public Act 94-951 stated: "The change made to
Section 39.2 of the Environmental Protection Act by this amendatory Act of the 94th General
Assembly applies only to siting applications filed on or after the effective date of this amendatory
Act."

**D.    United Disposal Transfer Station.**

21.    United Disposal is an Illinois corporation, in good standing, operating a waste
collection business and, separately, a waste transfer station, located at 1000 East Liberty Street in
Bradley, Kankakee County, Illinois.

22.    Municipal Trust & Savings Bank as Trustee under Trust 0799 (hereinafter
"Trustee"), is an Illinois land trust and is the owner of the property on which the United Disposal
Transfer Station is located.

23.    Prior the 1994 Amendment to the Act, United Disposal and Trustee obtained local
zoning approval from Bradley and applied for a development permit with the Illinois EPA to
construct a LPCF in Bradley.  On September 21, 1994, Illinois EPA granted United Disposal and
Trustee's application for a development permit (No. 1994-306-DE).  That permit approved the

28.    Generators and transporters of waste generated within the boundaries of Bradley are permitted to transport waste to United Disposal's transfer station and are not subject to the same prohibition as Plaintiffs.

29.    There is no legitimate, non-discriminatory justification for prohibiting the transport of waste generated outside the boundaries of Bradley and outside of Illinois to United Disposal's solid waste transfer station in Bradley.

30.    It is the purpose and intent and the practical effect of Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP, to favor the persons who generate waste within the "boundaries" of Bradley and to discriminate against persons who generate waste outside of Bradley and outside of Illinois.

31.    Waste is a commodity in interstate commerce.

## PLAINTIFFS' STANDING

32.    Plaintiffs desire to transport waste or have transported their waste that was generated outside Bradley to United Disposal's solid waste transfer station in Bradley but are prohibited from doing so under Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP.

33.    As a direct result of Defendant's conduct complained of herein, Plaintiffs have suffered and continue to suffer economic discrimination and lost economic opportunities, including but not limited to the opportunity to transport that waste to United Disposal's facility, because they transport waste that was generated or generate waste outside the boundaries of Bradley and outside of Illinois.

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF U.S. CONST., ART. I, § 8, CL. 3)

34.    Plaintiffs reallege and incorporate herein Paragraphs 1-35 as and for Paragraph 36 by this reference as though fully set forth herein.

3.     That pursuant to 42 U.S.C. § 1981, *et seq.*, Plaintiffs be awarded their reasonable attorneys' fees and costs in this matter; and

4.     For such other and further relief as the Court considers just and proper.

Dated:  March 31, 2009                    Respectfully submitted,

/s/ Jennifer J. Sackett Pohlenz
Jennifer J. Sackett Pohlenz
Illinois Bar No.6225990
Indiana Bar No.18864-45-A
QUERREY & HARROW
175 West Jackson Boulevard, Suite 1600
Chicago, IL 60604-2827
Telephone:  312.540.7540
Facsimile:  312.540.0578 .


Charles M. English, Jr.
District of Columbia Bar No. 386572
Ober, Kaler, Grimes & Shriver, P.C.
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-3324