UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| LIBERTY DISPOSAL, INC.; CITY OF KANKAKEE; ABC DISPOSAL, INC.; NEBLOCK TRUCKING, INC; BRETT LINGREN; and JOHN ANDRUCH and JACK ANDRUCH, JR. d/b/a WALNUT FARMS; | Case No.: 09 CV 1985 |
| | Judge Castillo |
| Plaintiffs, | Magistrate Judge Schenkier |
| v. | |
| DOUGLAS P. SCOTT, in his official capacity as Director of the Illinois Environmental Protection Agency; | |
| Defendant. | |

**PLAINTIFFS' CORRECTED COMPLAINT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION AGAINST DEFENDANT**

For claims for relief against Defendant DOUGLAS P. SCOTT ("Defendant"), in his official capacity only, Plaintiffs Liberty Disposal, Inc., the City of Kankakee, ABC Disposal, Inc., Neblock Trucking, Inc. Brett Lindgren and John Andruch, Jr. and Jack Andruch d/b/a Walnut Farms ("Plaintiffs") complain and allege as follows:

**JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including *inter alia*, Article I, Section 8, Clause 3, of the United States Constitution and Section 1983 of Title 42 of the United States Code.  In addition, this Court has jurisdiction over this action pursuant to

28 U.S.C. § 1343(3) because this action seeks to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of rights, privileges or immunities secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

2.     Defendant is subject to the personal jurisdiction of this Court in that Defendant resides in the State of Illinois and that Plaintiffs' claims for relief directly arise from Defendant's acts within the State of Illinois.

**VENUE**

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this judicial district at one of his official offices, the James R. Thompson Center in Chicago, Illinois.

**THE PARTIES**

4.     The Plaintiffs are all persons who generate and/or transport municipal solid waste (hereinafter "waste") and desire to have the waste they generate and/ or transport transferred through a transfer station operated by United Disposal of Bradley, Inc. (United Disposal). United Disposal is not able to accept Plaintiffs' waste, however, because the permits issued to United Disposal by the Illinois Environmental Protection Agency ("Illinois EPA") contain a geographical restriction that prevents United Disposal from accepting waste generated outside the municipal boundaries of the Village of Bradley, Illinois ("Bradley"). That geographical restriction states:  "9. No waste generated outside the municipal boundaries of the Village of Bradley may be accepted at this facility." Other than its geographic origin, there is no difference between waste generated inside and outside the "boundaries" of Bradley.

5.     "Transfer stations" are facilities were waste is unloaded from collection vehicles and briefly held while it is reloaded onto larger long-distance transport vehicles for shipment to landfills or other treatment or disposal facilities. There are no landfills or other waste treatment

or disposal facilities in Kankakee County, Illinois that are accepting waste, and there are no such facilities that are economically, mechanically, and logistically feasible to travel to by collection vehicles. Thus, the only method of moving waste out of Kankakee County, Illinois is through a transfer station. In addition to United Disposal, there is another transfer station located in Kankakee County, specifically in Momence, Illinois (hereinafter "Momence transfer station"). The Momence transfer station is not owned or operated by United Disposal, is not geographically limited as respects waste acceptance by its Illinois EPA permits, and, on information and belief, is at, near, or over capacity.

6.      Plaintiff Liberty Disposal, Inc. (Liberty Disposal) is an Illinois Corporation formed on May 30, 2008. Its principal office is in Chebanse, Illinois. Liberty Disposal is a waste transporter that has and seeks customers who are waste generators from within and outside Bradley, Illinois. Liberty Disposal has sought to transport waste generated outside of Bradley to United Disposal's transfer station. However, United Disposal has informed Liberty Disposal that it is unable to accept waste generated outside the boundaries of Bradley because of the geographical restriction in its Illinois EPA permits. Liberty Disposal's only alternative location for transferring waste waste generated outside Bradley is the Momence transfer station. Customers of Liberty Disposal or customers that Liberty Disposal seeks are closer to Bradley than to Momence. Moreover, the Momence transfer station imposes higher fees than does United Disposal for identical waste.

7.      The City of Kankakee is an Illinois municipal corporation within the County of Kankakee. Its principal offices are at 385 East Oak Street, Kankakee, Illinois 60901. The City of Kankakee for itself and its residents is a waste generator. Presently the City of Kankakee has its waste collected and transported by a third-party , ABC Disposal, Inc., to the Momence transfer station. The City of Kankakee has sought to have its waste transferred  at United Disposal because the distance to Bradley is shorter than Momence and because the Momence transfer station imposes higher fees than does United Disposal for identical waste. The geographical restriction in United Disposal's Illinois EPA permits prevents United Disposal from accepting

waste generated in the City of Kankakee.

8.     ABC Disposal, Inc. (ABC Disposal) is an Illinois Corporation with its principal office at 1111B South Route 115, Kankakee, Illinois 60901. ABC Disposal is a waste transporter that has and seeks customers who are waste generators from within and outside Bradley, Illinois. ABC Disposal has sought to transport waste it collects outside of Bradley, including but not limited to waste generated in the City of Kankakee, to United Disposal's transfer station. However, United Disposal has informed ABC Disposal that United Disposal is unable to accept waste generated outside of Bradley because of the geographical restriction in its Illinois EPA permit. ABC Disposal's only alternative location for transferring waste generated outside Bradley is the Momence transfer station. Customers of ABC Disposal or customers that ABC Disposal seeks are closer to Bradley than to Momence. Moreover, the Momence transfer station imposes higher fees than does United Disposal for identical waste.

9.     Neblock Trucking, Inc. is an Illinois Corporation with its principal office at 15039 West 5000 South Road, Buckingham, Illinois 60917. Neblock Trucking's principal business is hauling steel. However, as part of its business, Neblock Trucking generates waste in it's Buckingham, IL office, as well as in the various states in the United States to which it hauls or from which it retrieves goods. Neblock Trucking has sought to have United Disposal of Bradley, Inc. collect its waste generated in Buckingham, Illinois and in the various states where it does business, and transfer that waste through the United Disposal transfer station. However, United Disposal has informed Neblock Trucking that United Disposal is unable to accept waste generated outside of Bradley because of the geographical restriction in its Illinois EPA permit. Neblock Trucking's only alternative is to contract with a hauler who utilizes the Momence transfer station. The Momence transfer station imposes higher fees than does United Disposal for identical waste, thus, the cost to Neblock Trucking is more than if it were able to contract with a hauler using the United Disposal transfer station.

10.     Brett Lindgren is an individual resident of Chebanse, Illinois with his residence at 515 East 6000 Road South, Chebanse, Illinois 60922. Plaintiff Lindgren was a resident of

Bradley until March, 2007 when he moved to Chebanse. When Lindgren lived in Bradley he was a residential customer of United Disposal. When he moved to Chebanse, Lindgren sought to maintain his residential service with United Disposal. However, Lindgren was informed by United Disposal that it could not accept waste generated outside Bradley at its permitted transfer station, because of the geographical restriction on its Illinois EPA permits. Otherwise United Disposal was prepared to provide Lindgren with continued residential service at a cost less than that charged by the other waste haulers that are forced to use the Momence transfer station.

11.     John Andruch, Jr. and Jack Andruch are brothers operating a feed and livestock farm under the business name Walnut Farms. Walnut Farms is located along the border of Illinois and Indiana with farm property located in both states. John Andruch resides in Indiana at 7000 West State Road 10, Lake Village, Indiana 46349. Jack Andruch is an Illinois resident residing at 18000 East State Road 114, Momence, Illinois 60954. Walnut Farms regularly does business in Bradley. Walnut Farms wants to bring the waste it generates on its own farm, outside of Bradley and, in part, outside Illinois to United Disposal's transfer station. However, United Disposal has informed Walnut Farms that United Disposal is unable to accept waste generated outside of Bradley because of the geographical restriction in its Illinois EPA permit. Because Walnut Farms does business in Bradley and has available backhauls from Bradley, it would incur little or no transportation costs for disposal of waste at United Disposal. The only alternative transfer station at Momence imposes higher fees than does United Disposal for identical waste.

12.     Defendant Douglas P. Scott is the Director of the Illinois Environmental Protection Agency and is being sued in his official capacity only. His principal places of business are Springfield and Chicago, Illinois.

13.     The Illinois Environmental Protection Agency ("IEPA") is an agency of the State of Illinois created by the Illinois General Assembly in Section 4 of the Illinois Environmental Protection Act ("the Act"), 415 ILCS 5/4 (2006), and is charged with enforcing the Act.

## THE FACTUAL BACKGROUND

**A.**   **Overview of the Act**

14.    The Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq.* (the "Act") is a statutory scheme that, *inter alia*, dictates the conditions under which waste can be disposed of, treated, stored, or abandoned within the state of Illinois and the conditions under which waste can be transported into or within the state of Illinois for disposal, treatment, storage, or abandonment therein.

15.    The Act generally prohibits any person or entity from transporting waste except to a pollution control facility that meets the requirements of the Act.  Specifically, it provides: "No person shall: .... Dispose, treat, store or abandon any waste, or transport any waste into this State for disposal, treatment, storage or abandonment, except at a site or facility which meets the requirements of this Act and of regulations and standards thereunder."  [415 ILCS 5/21(e).]

16.    The Act establishes a scheme for the issuance of permits for pollution control facilities, which are defined to include "any waste storage site, sanitary landfill, waste disposal site, waste transfer station, waste treatment facility, or waste incinerator."  [415 ILCS 5/3.330(a), 5/39.]

**B.**   **The Act Prior to the 1994 Amendment**

17.    Prior to Amendments that became effective December 22, 2004, the Act distinguished between regional pollution control facilities ("RPCFs") and local pollution control facilities ("LPCFs").

18.    LPCFs were prohibited from receiving waste generated outside the boundaries of the local general purpose unit of government in which they were located, while RPCF's were not so prohibited. [415 ILCS 5/3.32, 39.2 (1992).]  One of the prerequisites to obtaining Illinois EPA permits for a LPCF was obtaining zoning approval of the local government in which the LPCF was located.   RPCF's were exempt from local zoning and, instead, had to obtain site location approval pursuant to the Act. [415 ILCS 5/39.2, 39.2(g) (1992).]

C.    **The 1994 Amendment to the Act**

19.    On July 8, 1993, the United States District Court for the Southern District of
Illinois, in a case called *Tennsv, Inc. v. Gade* (Case No. 92-503 WLB), struck down the
provisions of the Act that distinguished between LPCFs and RPCFs on the ground that those
provisions violated the Dormant Commerce Clause of the U.S. Constitution. [*Tennsv, Inc. v.
Gade*, U.S. Dist. Ct., S.D. Ill., Case No. 92-503 WLB, consolidated with *VLP Corporation v.
Penny*, U.S. Dist. Ct., S.D. Ill., Case No. 92-522 WLB, Order dated July 8, 1993, published at
1993 U.S. Dist. LEXIS 10403; 24 ELR 20019].

20.    In response to United States District Court's order in *Tennsv, Inc. v. Gade*, the
Illinois legislature enacted Illinois Public Act 94-951 ("the 1994 Amendment"), which amended
the Act, effective December 22, 1994, so as to abolish the distinction between RPCFs and LPCFs
and to require all new pollution control facilities, including but not limited to transfer stations, to
obtain siting approval.  Section 98 of Illinois Public Act 94-951 stated: "The change made to
Section 39.2 of the Environmental Protection Act by this amendatory Act of the 94th General
Assembly applies only to siting applications filed on or after the effective date of this amendatory
Act."

D.    **United Disposal Transfer Station.**

21.    United Disposal is an Illinois corporation, in good standing, operating a waste
collection business and, separately, a waste transfer station, located at 1000 East Liberty Street in
Bradley, Kankakee County, Illinois.

22.    Municipal Trust & Savings Bank as Trustee under Trust 0799 (hereinafter
"Trustee"), is an Illinois land trust and is the owner of the property on which the United Disposal
Transfer Station is located.

23.    Prior the 1994 Amendment to the Act, United Disposal and Trustee obtained local
zoning approval from Bradley and applied for a development permit with the Illinois EPA to
construct a LPCF in Bradley.  On September 21, 1994, Illinois EPA granted United Disposal and

Trustee's application for a development permit (No. 1994-306-DE). That permit approved the development of a municipal waste transfer station.

24.    On December 5, 1994, United Disposal and Trustee, having already completed construction of the transfer station, applied to Illinois EPA for an operational permit. On January 19, 1995, after the 1994 Amendment, the Illinois EPA issued United Disposal permit (Permit No. 1994–306–OP) for the operation of a solid waste transfer station in the Bradley, Illinois. Permit No. 1994–306–OP contained Special Condition No. 9, which provided: "No waste generated outside the municipal boundaries of the Village of Bradley may be accepted at this facility."

25.    On March 31, 2003, United Disposal and Trustee filed with the IEPA an application for modification of Permit No. 1994–306–OP asking the IEPA to remove Special Condition No. 9 ("United Disposal Administrative Action"). The Illinois EPA denied the application, and United Disposal appealed that denial to the Illinois Pollution Control Board (IPCB). The IPCB affirmed the Illinois EPA's decision, and United Disposal appealed the IPCB's decision to the Appellate Court of Illinois, Third District. The Appellate Court affirmed the denial.

26.    The Plaintiffs were not parties to the United Disposal Administrative Action or the appeals that followed. Under restrictions contained in the Act, the Plaintiffs could not have been parties to the United Disposal Administrative Action or the appeals that followed.

**E.    The Plaintiffs**

27.    The Plaintiffs generate or transport waste generated outside the "boundaries" of the Village of Bradley. The Plaintiffs seek to have their waste accepted at United Disposal's transfer station. However, Section 5/21(e) of the Act [415 ILCS 5/21(d)(1)], acting in conjunction with Special Condition No. 9 in permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP, prohibit Plaintiffs from directing for transport or transporting waste generated outside of Bradley to United Disposal's facility.

28.     Generators and transporters of waste generated within the boundaries of Bradley are permitted to transport waste to United Disposal's transfer station and are not subject to the same prohibition as Plaintiffs.

29.     There is no legitimate, non-discriminatory justification for prohibiting the transport of waste generated outside the boundaries of Bradley and outside of Illinois to United Disposal's solid waste transfer station in Bradley.

30.     It is the purpose and intent and the practical effect of Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP, to favor the persons who generate waste within the "boundaries" of Bradley and to discriminate against persons who generate waste outside of Bradley and outside of Illinois.

31.     Waste is a commodity in interstate commerce.

### PLAINTIFFS' STANDING

32.     Plaintiffs desire to transport waste or have transported their waste that was generated outside Bradley to United Disposal's solid waste transfer station in Bradley but are prohibited from doing so under Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP.

33.     As a direct result of Defendant's conduct complained of herein, Plaintiffs have suffered and continue to suffer economic discrimination and lost economic opportunities, including but not limited to the opportunity to transport that waste to United Disposal's facility, because they transport waste that was generated or generate waste outside the boundaries of Bradley and outside of Illinois.

### FIRST CLAIM FOR RELIEF
### (VIOLATION OF U.S. CONST., ART. I, § 8, CL. 3)

34.     Plaintiffs reallege and incorporate herein Paragraphs 1-35 as and for Paragraph 36 by this reference as though fully set forth herein.

35.     Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP, discriminates against waste generated outside of Bradley and outside of Illinois in violation of Article I, Section 8, Clause 3 of the United States Constitution.

36.     It is the purpose and intent of Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP, to discriminate against waste generated outside of Bradley and outside of Illinois in violation of Article I, Section 8, Clause 3 of the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as set forth in the Prayer for Relief below.

## SECOND CLAIM FOR RELIEF
### (VIOLATION OF 42 U.S.C. § 1983)

37.     Plaintiffs reallege and incorporate herein Paragraphs 1-38 as and for Paragraph 39 by this reference as though fully set forth herein.

38.     Defendant's conduct, in his official capacity and under the color of Illinois law, has deprived Plaintiffs of constitutional rights as set forth in the above count.

39.     Defendant's aforementioned conduct is the direct and proximate cause of the constitutional violations set forth.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

1.     That this Court find and declare that Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP violates Article I, Section 8, Clause 3 of the United States Constitution;

2.     That Defendant be permanently enjoined from enforcing Special Condition No. 9 in Permit Nos. 1994-306-DE and 1994–306–OP in a way that discriminates against waste generated outside of Bradley and outside of Illinois in violation of Article I, Section 8, Clause 3 of the Unites States Constitution;

     3.      That pursuant to 42 U.S.C. § 1981, *et seq.*, Plaintiffs be awarded their reasonable attorneys' fees and costs in this matter; and

     4.      For such other and further relief as the Court considers just and proper.


Dated:  May 7, 2009              Respectfully submitted,

                           Jennifer J. Sackett Pohlenz
                           Illinois Bar No.6225990
                           Indiana Bar No.18864-45-A
                           QUERREY & HARROW
                           175 West Jackson Boulevard, Suite 1600
                           Chicago, IL 60604-2827
                           Telephone:  312.540.7540
                           Facsimile:  312.540.0578


                           Charles M. English, Jr.
                           District of Columbia Bar No. 386572
                           Ober, Kaler, Grimes & Shriver, P.C.
                           1401 H Street, N.W., Suite 500
                           Washington, D.C.  20005-3324