**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LIBERTY DISPOSAL INC. et al.,** | ) | |
| | ) | **Civil Action No.  09 C 1985** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Ruben Castillo** |
| **vs.** | ) | **Magistrate Judge Schenkier** |
| | ) | |
| **DOUGLAS P. SCOTT, in his official capacity** | ) | |
| **as Director of the Illinois Environmental** | ) | |
| **Protection Agency,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR
<u>DECLARATORY RELIEF AND PERMANENT INJUNCTION AGAINST DEFENDANT</u>**

Defendant Douglas P. Scott, Director of the Illinois Environmental Protection Agency, by his attorney, Lisa Madigan, Attorney General of the State of Illinois, and in reply to the Plaintiffs' response to his Rule 12(b)(6) motion to dismiss the Plaintiffs' Complaint for Declaratory Relief and Permanent Injunction Against Defendant states the following:

Plaintiffs lack standing to bring this challenge to United Disposal's operating permit condition and the condition itself is not a violation of the dormant Commerce Clause. Further, Plaintiffs cannot maintain a separate claim for a violation of 42 U.S.C. § 1983.

A.      **Plaintiffs Lack Standing**

In order to properly put Plaintiffs' Response in perspective, it must be noted that the United Disposal facility has never received site approval, which is required in order for the facility to be licensed to accept waste under the current regulatory scheme. Plaintiffs plead that originally the Illinois Environmental Protection Act distinguished between RPCFs and LPCFs (Complaint ¶ 17), LPCFs required zoning approval (Complaint ¶ 18), RPCFs required site

approval (Complaint ¶ 18), United Disposal received zoning approval (Complaint ¶ 23), but never received site approval. The amended Act requires that all facilities obtain site approval (Complaint ¶ 20). In effect, what Plaintiffs hope to accomplish is to sidestep the zoning approval by simply invalidating a part of the current license under which United Disposal operates its facility. The effect on the United Disposal facility is crucial to Plaintiffs' standing argument – in order to have prudential standing, Plaintiffs must be able to obtain relief from the act which allegedly runs afoul of the dormant Commerce Clause. There is no indication that invalidating a part of the current license will allow United Disposal to bypass current siting approval requirements and automatically convert into a regional facility. Plaintiffs will not be able to obtain the relief they desire, *i.e.* being able to use the United Disposal facility as a regional facility. It still remains United Disposal's choice and responsibility to seek siting review.

As Plaintiffs point out, the court in *Washoe* denied standing because the claims made would not result in relief as plaintiffs would still have to pay the fees complained of. *Individuals for Responsible Gov't, Inc., v. Washoe City*, 110 F.3d 699 (9th Circ. 1997). This case presents exactly the same issue. There is no guarantee that they will be able to use United Disposal's facility and they will still have to pay the fees charged by the Momence facility. Plaintiffs cite *Huish Detergents, Inc. v. Warren County, Kentucky,* 214 F.3d 707 (6th Cir. 2000), for the opposite proposition - that prudential standing was found where the requested repeal would cause plaintiff's injury to disappear.

The Seventh Circuit recently discussed the issue of standing in relation to the possibility of a plaintiff obtaining relief in *Wiesmueller v. Kosobucki*, __ F.3d __, 2009WL1956335 (7th Cir. 2009). The plaintiff in *Wiesmueller* requested injunctive relief striking the three words in the

2

Wisconsin Supreme Court rule conferring the "diploma privilege" on Wisconsin law school graduates, thereby enabling them to be licensed without passing the state bar. The Court stated that the Constitution does not require Wisconsin to extend the diploma privilege to *all* graduates of *any* accredited law school in the United States. The Court then pointed out that the unequal treatment can be eliminated without conferring any benefit on the plaintiff if Wisconsin requires all applicants to either take the bar or to have practiced for five years in another state, thereby "leveling down." The Court did find that the plaintiff had standing only because it was unknown what Wisconsin would do to comply with a ruling invalidating the diploma privilege.

Plaintiffs in this case are not as fortunate as in *Wiesmueller* because a ruling in Plaintiffs' favor would not involve the non-party, United Disposal who has never sought siting review. A ruling in this case, unlike in the *Wiesmueller* case would not involve even the chance of the defendant providing the plaintiffs with the relief requested. Only United Disposal has the ability to remedy the situation by completing siting review.

### B.      Plaintiffs Fail to Allege a Dormant Commerce Clause Violation

Counsel for Plaintiffs argued on behalf of the plaintiff in the Illinois State Court proceeding, *United Disposal of Bradley, Inc. v. Pollution Control Board*, 363 Ill.App.3d 243, 842 N.E.2d 1161, (3rd Dist. 2006) in which the Appellate Court of Illinois held that the condition on United Disposal's operating permit did not violate the commerce clause, and she does not offer any reason why this court should reach a different conclusion here.

Plaintiffs base their argument in response to the Defendant's motion to dismiss for failure to allege a dormant Commerce Clause violation on *Ft. Gratiot Sanitary Landfill, Inc. v. Mich. Dep't. of Natural Resources*, 504 U.S. 353 (1992). The Appellate Court of Illinois, however,

3

considered *Ft. Gratiot* and clearly explained that it was not applicable to the special condition on

United Disposal's operating permit.

> This case involves a now defunct statutory scheme that subjected
> those who wanted to accept waste from outside a local unit of
> government to siting approval while subjecting those who wanted
> to accept waste from only a local entity to that local entity's zoning
> laws. None of the cases cited by petitioners gave the improperly
> restricted party such a choice. See *Northeast Sanitary Landfill, Inc.
> v. South Carolina Department of Health & Environmental Control*,
> 843 F.Supp. 100 (D.S.C. 1992); *Fort Gratiot Sanitary Landfill, Inc. v.
> Michigan Department of Natural Resources*, 504 U.S. 353, 112 S.Ct.
> 2019, 119 L.Ed.2d 139 (1992). . .
>
> Under both the prior and current statutory schemes, petitioner could
> have applied for a permit to construct and operate a facility with the
> capacity to accept waste from anywhere, be it waste that originated
> inside or outside a local geographic area.

*Untied Disposal* 363 Ill.App.3d at 248.

Citing the same cases, Plaintiffs haven't offered any reason why this court should reach a

different result than the State court did.

   Plaintiffs argue that, "in *Ft. Gratiot*, the Court concluded that Michigan could not

successfully defend its waste import restrictions based on the argument that a variance could be

obtained to allow non-local waste access to local facilities." (Response p.12)  But this case does

not involve a rule and a "limited exception." In the present situation, all facilities must now go

through the siting approval process, and all facilities have the same opportunity to accept waste

from outside their local area. It is United Disposal's lack of siting approval and not the statute or

the special operating condition issued by the Defendant that is really at issue in this case.

Plaintiffs confuse United Disposal's refusal to comply with siting review with the Defendant's

responsibility to avoid interference with interstate commerce.

4

**C.      Plaintiffs' Second Claim (Count II) Fails to State a Claim Upon Which Relief May be Granted Because Section 1983 is Not a Source of Rights**

Even while admitting that one cannot violate Section 1983 itself, Plaintiffs persist in alleging a separate count for a violation of Section 1983. As stated in the motion to dismiss, Plaintffs' second count is simply an incorrect restatement of their first count. Plaintiffs assert that if they have a valid Commerce Clause claim, then they also have an "equally valid" Section 1983 claim. This is not correct. Section 1983 (42 U.S.C. § 1983) is a federal law which allows plaintiffs to challenge violations of the Commerce Clause in federal district courts and obtain specific relief and attorneys fees and it is not a source of rights for a second claim or count. Plaintiffs' Second Claim for Relief fails to state a claim upon which relief can be granted.

WHEREFORE, for the reasons stated above and in the Motion to Dismiss and Memorandum of Law, Defendant Douglas P. Scott requests that this Honorable Court dismiss the Plaintiffs' Complaint for Declaratory Relief and Permanent Injunction Against Defendants with prejudice.

Respectfully Submitted,

LISA MADIGAN
Attorney General of Illinois

  /s/ *Rachel Fleischmann*
RACHEL FLEISCHMANN
JAMES A. LANG
Assistant Attorneys General
Office of the Illinois Attorney General's Office
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
312-814-6122 phone