*MHN*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LIBERTY DISPOSAL, INC.; CITY OF KANKAKEE; ABC DISPOSAL, INC.; NEBLOCK TRUCKING, INC.; BRETT LINGREN, JOHN ANDRUCH, and JACK ANDRUCH, JR. d/b/a WALNUT FARMS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 1985 |
| v. | ) ) | Judge Ruben Castillo |
| DOUGLAS P. SCOTT, in his official capacity as Director of the Illinois Environmental Protection Agency, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Liberty Disposal, Inc. ("Liberty Disposal"), the City of Kankakee ("Kankakee"), ABC

Disposal, Inc. ("ABC"), Neblock Trucking, Inc. ("Neblock Trucking"), Brett Lingren

("Lingren"), and John Andruch and Jack Andruch, Jr. ("the Andruch brothers") (collectively,

"Plaintiffs"), filed this action against Douglas P. Scott ("Defendant"), in his official capacity as

Director of the Illinois Environmental Protection Agency ("IEPA"), alleging that a permit issued

by the IEPA to United Disposal of Bradley, Inc. ("United Disposal") violates Article I, Section 8,

Clause 3 of the U.S. Constitution ("the Commerce Clause"). (R. 17, Corrected Compl.)

Defendant moves to dismiss, arguing that Plaintiffs lack prudential standing and fail to state a

claim upon which relief can be granted. (R. 24, Def.'s Mot. to Dismiss at 1.)  For the reasons

stated below, the motion to dismiss is granted in part and denied in part.

## RELEVANT FACTS

The Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq.* (the "Act"), dictates the conditions under which waste can be disposed of, treated, stored, or abandoned within the state of Illinois, and the conditions under which waste can be transported into or within the state of Illinois for disposal, treatment, storage or abandonment. (R. 17, Corrected Compl. ¶ 14.) Previously, the Act distinguished between local pollution control facilities ("LPCFs") and regional pollution control facilities ("RPCFs"). (*Id.* ¶ 17.) LPCF's were prohibited from receiving waste generated outside the boundaries of the locality in which they were located, while RPCFs had no such prohibition. (*Id.* ¶ 18.) Zoning approval from the local government was required before obtaining a LPCF permit from the IEPA. (*Id.*) RPCF's, however, did not require zoning approval but had to obtain site location approval by the IEPA. (*Id.*)

In *Tennsv, Inc.*, *v. Gade*, No. 92-503-WLB, 1993 U.S. Dist. LEXIS 10403, at *4-5 (S.D. Ill. July 8, 1993), the United States District Court for the Southern District of Illinois struck down distinctions between LPCFs and RPCFs in the Act as a violation of the Commerce Clause. (*Id.* ¶ 19.) In response, the Illinois legislature enacted Illinois Public Act 94-951 ("the 1994 Amendment"), abolishing the LPCF/RPCF distinction and requiring all new pollution control facilities to obtain site location approval. (*Id.* ¶ 20.) The 1994 Amendment applied to pollution control facility applications filed on or after its effective date, December 22, 1994. (*Id.*)

United Disposal operates a waste collection business and a waste transfer facility in Bradley, Illinois. (*Id.* ¶ 21.) Prior to the 1994 Amendment, United Disposal obtained zoning approval and applied for a permit with the IEPA to construct an LPCF in Bradley. (*Id.* ¶ 23.) The IEPA granted United Disposal both a developmental and operational permit for the Bradley

facility. (*Id.* ¶¶ 23-24.) The operational permit contained a geographical restriction, "Special Condition No. 9," which provided that: "No waste generated outside the municipal boundaries of the Village of Bradley may be accepted at this facility." (*Id.* ¶ 24.) On March 31, 2003, United Disposal filed an application asking the IEPA to modify its permit to remove Special Condition No. 9. (*Id.* ¶ 25.) The IEPA denied the modification application. (*Id.*) United Disposal appealed, but the IEPA's decision was affirmed by the Illinois Pollution Control Board ("IPCB") and the Illinois Appellate Court. (*Id.*)

Plaintiffs generate or transport waste generated outside the boundaries of Bradley and seek to have their waste accepted at United Disposal's transfer station. (*Id.*) United Disposal cannot accept Plaintiffs' waste because of Special Condition No. 9's geographical restriction. (*Id.* ¶ 4.) Therefore, Plaintiffs must use a different transfer station in Momence, Illinois, for their waste transfer needs. (*Id.* ¶¶ 5-11.) Plaintiffs allege that for identical services, the Momence transfer station imposes higher fees than United Disposal. (*Id.* ¶¶ 6-11.) In addition, Plaintiffs allege that they are closer to United Disposal's Bradley station than they are to the Momence transfer station. (*Id.*)

On March 31, 2008, Plaintiffs filed their complaint in this Court, alleging a violation of the Commerce Clause.[1] (R. 1, Compl.) On May 20, 2009, Defendants moved to dismiss based on lack of standing and failure to state a claim. (R. 24, Def.'s Mot. to Dismiss.)

---

[1] Due to an electronic filing error, Plaintiff filed a corrected complaint on May 7, 2009. (R. 17, Corrected Compl.)

## LEGAL STANDARDS

Rule 12(b)(1) requires the dismissal of claims over which the federal courts lack subject matter jurisdiction.[2] Fed. R. Civ. P. 12(b)(1). In deciding a Rule 12(b)(1) motion, the Court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). The plaintiff, as the party invoking federal jurisdiction, bears the burden of proving that the requirements of standing have been met. *Pollack v. United States DOJ*, No. 08-3857, 2009 U.S. App. LEXIS 17998, *6 (7th Cir. Aug. 13, 2009).

Rule 12(b)(6) requires dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

---

[2] Although Defendant did not style his motion as such, a Rule 12(b)(1) motion challenges subject matter jurisdiction, including a plaintiff's standing. *See, e.g., Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928, 930 (7th Cir. 2007) (noting that lack of standing is properly raised under Rule 12(b)(1)).

4

## ANALYSIS

The Commerce Clause grants Congress the power "to regulate Commerce . . . among the several states." U.S. Const. Art. I, § 8, cl. 3.  In addition, the Supreme Court has found that the Commerce Clause contains a negative command, know as the "dormant Commerce Clause," which prohibits states from "advancing their own commercial interests by curtailing the movement of articles of commerce, either into or out of the state." *Fort Gratiot Sanitary Landfill, Inc., v. Michigan Department of Natural Resources*, 504 U.S. 353, 359 (1992) (quotation and citation omitted).  "The dormant Commerce Clause applies with full force to state regulation of the collection, transportation, processing, and disposal of solid waste." *National Solid Wastes Management Ass'n v. Meyer*, 63 F.3d 652, 657 (7th Cir. 1995).

In this case, Plaintiffs allege that the Special Condition No. 9 restriction issued by Defendant violates the dormant Commerce Clause because there "is no legitimate, non-discriminatory justification" for prohibiting the transfer of waste outside the boundaries of Bradley to United Disposal's facility.  (R. 17, Corrected Compl. ¶ 29.)  Further, Plaintiffs allege that the "purpose and intent and practical effect" of the prohibition is "to favor the persons who generate waste within the 'boundaries' of Bradley and to discriminate against persons who generate waste outside of Bradley and outside of Illinois."  (*Id.* ¶ 30.)  Defendant argues that the complaint should be dismissed because Plaintiffs lack prudential standing to bring this constitutional claim and have also failed to state a dormant Commerce Clause claim.  (R. 24, Def.'s Mot. to Dismiss.)

### I. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

As part of Article III's case or controversy requirement, a party must demonstrate standing to sue in federal court by establishing: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008). In addition to constitutional standing, there is also "prudential" standing, a more intangible requirement created by the judiciary to limit lawsuits in the interests of justice and practicality. *Id.* at 756-57; *Mainstreet Org. of Realtors v. Calumet City, Illinois*, 505 F.3d 742, 744-47 (7th Cir. 2007). The Supreme Court has not exhaustively defined the prudential standing requirements. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004). However, it is clear that prudential standing encompasses the general prohibition on a plaintiff seeking to enforce another person's rights and requires that the allegations of plaintiff's complaint fall within "the zone of interests" protected by the law invoked. *Id.*

Defendant first argues that Plaintiffs lack prudential standing because their alleged injuries are "not even marginally related to the purposes underlying the dormant Commerce Clause."[3] (R. 25, Def.'s Mem. at 5.) The fundamental purpose of the Commerce Clause and its "dormant" corollary is to confer "a right to engage in interstate trade free from restrictive state regulation." *Dennis v. Higgins*, 498 U.S. 439, 448 (1991). Although the Seventh Circuit has yet to apply the zone of interests test in the context of the dormant Commerce Clause, other Circuits

---

[3] Defendant does not challenge Plaintiffs' Article III standing. (*See* R. 24, Def.'s Mem.) The Court, however, finds that the requirements for constitutional standing have been satisfied. *See Lujan*, 504 U.S. at 561 (at the pleading stage, plaintiff need only make "general factual allegations of injury resulting from the defendant's conduct."). Plaintiffs have sufficiently alleged financial injury in the form of higher costs as well as inconveniences resulting from Defendant's permit restriction. (*See* R. 17, Corrected Compl., ¶¶ 6-8, 11.)

have found that plaintiffs whose injuries are unrelated to interstate commerce are not within the zone of interests for prudential standing. *See National Solid Waste Management Ass'n v. Pine Belt Regional Solid Waste Management Authority*, 389 F.3d 491, 499-500 (5th Cir. 2004), cert denied, 546 U.S. 812 (2005); *Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin County*, 115 F.3d 1372, 1382 (8th Cir. 1997); *Individuals for Responsible Government v. Washoe County*, 110 F.3d 699, 703-04 (9th Cir. 1997). However, other Circuits have deemed the zone of interests test satisfied when a plaintiff's injury stems from interstate commerce and would be remedied if the geographical restriction were removed. *See, e.g, On the Green Apartments L.L.C. v. City of Tacoma*, 241 F.3d 1235, 1241 (9th Cir. 2001); *Huish Detergents, Inc. v. Warren County*, 214 F.3d 707, 710-11 (6th Cir. 2000).

In this case, Plaintiffs allege that they have "suffered and continue to suffer economic discrimination and lost economic opportunities" as a result of Special Condition No. 9's geographical restriction. (R. 17, Corrected Compl. ¶ 33.) However, the complaint only alleges that Neblock Trucking and the Andruch brothers are engaged in interstate commerce.[4] (*Id.* ¶¶ 6-11.) As such, the Court finds that Liberty Disposal, Kankakee, ABC Disposal, and Lingren fail the zone of interest test; their injuries are unrelated to the concerns underlying the dormant Commerce Clause, i.e., the restriction of interstate commerce. *See National Solid Waste Mgmt. Ass'n*, 389 F.3d at 499-500 ("plaintiffs' injury is not related to any out-of-state characteristic of their business"); *Ben Oehrleins & Sons & Daughter, Inc.*, 115 F.3d at 1382 (the harm suffered was "narrow, personal, and strictly local"); *Washoe County*, 110 F.3d at 703-04 (the allegations

---

[4] The complaint merely alleges that Liberty Disposal and ABC Disposal have customers that are "closer to Bradley than to Momence." (*Id.* ¶¶ 6, 8.) Similarly, neither Kankakee nor Lingren claim to be actively or prospectively engaged in interstate commerce. (*Id.* ¶¶ 7, 10.)

in the complaint "impose no barrier to interstate commerce"). The Court therefore dismisses their claims.

The complaint does allege that both Neblock Trucking and the Andruch brothers are involved in interstate commerce and that their businesses are directly burdened by higher fees and lack of access to the United Disposal facility.[6]   (*See* R. 17, Corrected Compl. ¶¶ 9, 11.) Therefore, both fall within the zone of interests necessary to establish prudential standing. *See National Solid Waste Mgmt. Ass'n*, 389 F.3d at 500 ("An allegation that the plaintiff is involved in interstate commerce and that the plaintiff's interstate commerce is burdened by the ordinance in question is sufficient to satisfy the zone of interests test . . . .")

Defendant also argues that Plaintiffs lack prudential standing because "[o]nly United Disposal has the ability to remedy the situation . . . ." (R. 30, Def.'s Reply at 3; *see also* R. 25 Def.'s Mem. at 5.)  Generally, "one cannot sue in federal court to enforce someone else's legal rights." *Mainstreet Org. of Realtors*, 505 F.3d at 746.  Moreover, a plaintiff should not be a "remote victim," and instead, must have a "definite stake in the vindication of the claim." *Id.*  In this case, the Court finds that Neblock Trucking and the Andruch brothers are not "remote victims."  If Special Condition No. 9 is deemed to be a violation of the dormant Commerce Clause, and thus stricken from the permit, Plaintiffs would receive the vindication they seek—access to United Disposal's Bradley facility.  Therefore, Plaintiffs have a stake in the vindication of this claim.

---

[6]   The complaint alleges that Neblock Trucking's primary business is hauling steel and claims that it seeks to use United Disposal for waste generated in Illinois as well as in other states where it does business. (R. 17, Corrected Compl. ¶ 9.) The Andruch brothers operate a feed and livestock farm with property in both Illinois and Indiana and seek to use United Disposal for waste from both states. (*Id.* ¶ 11.)

In sum, the Court finds that the allegations with regard to Neblock Trucking and the Andruch brothers show that they fall within the zone of interests and are seeking to enforce their own legal rights. *See Elk Grove Unified Sch. Dist.*, 542 U.S. at 12. Accordingly, Neblock Trucking and the Andruch brothers have prudential standing to bring this action; claims brought by the other Plaintiffs are dismissed.

### II. Rule 12(b)(6): Failure to State a Claim

Next, Defendant argues that Plaintiffs fail to allege a dormant Commerce Clause violation. (R. 25, Def.'s Mem. at 6-9; R. 30, Def.'s Reply at 3-4.) Plaintiffs allege two separate claims, a dormant Commerce Clause claim (Count I) and a Section 1983 claim (Count II). (R. 17, Corrected Compl.) As a preliminary matter, although Plaintiffs attempt to erroneously bring this action directly under the Constitution, the proper procedural vehicle for asserting this dormant Commerce Clause claim is 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-01 (Section 1983 "provide[s] a remedy, to be broadly construed, against all forms of official violation of federally protected rights"); *Dennis*, 498 U.S. at 451 (dormant Commerce Clause violations are cognizable under 42 U.S.C. § 1983). Accordingly, Count I is dismissed. The Court will determine whether Count II, Plaintiffs' dormant Commerce Clause claim brought under Section 1983, can proceed.

The dormant Commerce clause is generally analyzed under a two-tiered approach. *Alliant Energy Corp. v. Bie*, 330 F.3d 904, 911 (7th Cir. 2003). The first tier is often referred to as the *"per se"* rule, which is applied when a statute "directly regulates or discriminates against interstate commerce, or when its effect is to favor in-state economic interests over out-of-state interests." *Id.* (quoting *Brown-Forman Distillers Corp. v. New York State Liquor Auth.*, 476

U.S. 573, 578 (1986)).  In such cases, the statute can only be saved by a showing that it "advances a legitimate local purpose that cannot adequately be served by reasonable nondiscriminatory alternatives." *Id.* (quoting *Oregon Waste Sys. v. Dep't of Envtl. Quality*, 511 U.S. 93, 99 (1994)).  The second tier is for cases where a statute "has only indirect or incidental effects on interstate commerce and regulates evenhandedly." *Id.* (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)).  In such cases, a court will employ the *Pike* balancing test and uphold the statute "unless the burden imposed on [interstate] commerce is clearly excessive in relation to the local benefits." *Id.*

Plaintiffs allege that Special Condition No. 9 results in differential treatment between local and non-local waste that benefits generators and haulers of local waste and burdens similarly situated entities outside of Bradley.  (R. 17, Corrected Compl. ¶¶ 4, 9, 11.)  Plaintiffs claim that this discrimination constitutes a *per se* violation of the dormant Commerce Clause.  (R. 29, Pls.' Resp. at 8.)  Defendant, however, argues that it is not a dormant Commerce Clause violation that prevents Plaintiffs from using United Disposal's Bradley transfer station; rather, "it is United Disposal's own choice not to obtain siting approval and seek a permit without the challenged restriction." (R. 25, Pl's Mem. at 8.)

Taking the allegations as true, the Court finds that the alleged conduct is discriminatory on its face, and thus subject to the *per se* rule. *See Brooks*, 564 F.3d at 832; *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources*, 504 U.S. 353 (1992).  In *Fort Gratiot*, the Supreme Court held that the dormant Commerce Clause prohibits states from advancing their own commercial interest by curtailing the movement of articles of commerce, either into or out of the state.  504 U.S. at 358.  The Supreme Court found that "[a] state statute

that clearly discriminates against interstate commerce is therefore unconstitutional unless the

discrimination is demonstrably justified by a valid factor unrelated to economic protectionism."

*Id* at 360.  Moreover in *Fort Gratiot* the Supreme Court explained that "neither the fact that the

Michigan statute purports to regulate intercounty commerce in waste nor the fact that some

Michigan counties accept out-of-state waste" provided an adequate basis to avoid the *per se* rule.

*Id.* at 363; *see also Dean Milk Co. v. Madison*, 340 U.S. 349, 354 (1951) (determining that a 5-

mile geographical limitation on milk sales "plainly discriminates against interstate commerce,"

finding it "immaterial that Wisconsin milk from outside the Madison area [was] subjected to the

same proscription as that moving in interstate commerce").  Based on the aforementioned

Supreme Court precedent, Plaintiff's allegation of differential treatment between local and non-

local waste is discriminatory on its face and a violation of the dormant Commerce Clause.[7]

Defendant relies heavily on the Illinois Appellate Court decision, which held that Special

Condition No. 9 did not violate the Commerce Clause.  (*See* R. 25, Def.'s Mem.; R. 30, Def.'s

Reply citing (*United Disposal of Bradley v. Pollution Control Board*, 842 N.E.2d 1161 (Ill. App.

Ct. 2006)).)  The appellate court held that United Disposal's "application was correctly denied as

the Agency and Board recognized it for what it was, an attempt to operate a regional pollution

control facility without first obtaining the necessary siting approval required by the Act." *United

Disposal of Bradley*, 842 N.E.2d at 1164.  The appellate court found that United Disposal had the

---

[7] Defendant argues that "[p]rotecting the public health and safety" is a "legitimate local
purpose" that justifies the alleged discriminatory restriction.  (R. 25, Def.'s Mem. at 9.)
However, the Supreme Court has determined that there is "no valid health and safety reason for
limiting the amount of waste that a landfill operator may accept from outside the State, but not
the amount that the operator may accept from inside the State." *Fort Gratiot*, 504 U.S. at 367.
Therefore, Defendant has not set forth a "legitimate local purpose" to warrant dismissal at this
stage.

11

chance to become a RPCF but chose not to, and therefore dismissed *Fort Gratiot* as inapplicable because it did not involve a situation where "such a choice" was provided. *See id.* at 1165. This Court, however, finds that *Fort Gratiot* does provide guidance, even if there is a potential route to avoid the allegedly discriminatory restriction. In *Fort Gratiot*, The Supreme Court explained that even though there was a means to avoid the discrimination (i.e. some counties were allowed to accept waste from out of state), this fact "merely reduced the scope of the discrimination," and "the discriminatory ban remained in place." *Id.* at 363. Similarly, in this case, although Plaintiffs have access to the Momence transfer station and United Disposal could potentially obtain the necessary siting approval to allow Plaintiffs access to the Bradley facility, these factors do not alter the Court's conclusion that the alleged conduct is discriminatory on its face.

Therefore, the Court finds that Plaintiffs have stated a claim under the dormant Commerce Clause. Accordingly, Defendant's motion to dismiss on this basis is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (R. 24) is granted in part and denied in part. The motion to dismiss Plaintiffs Liberty Disposal, Kankakee, ABC Disposal, and Lingren is GRANTED. The motion to dismiss Neblock Trucking and the Andruch brothers is DENIED. In addition, the motion to dismiss is GRANTED with respect to Count I, but DENIED with respect to Count II.

The parties are directed to reevaluate their settlement positions in light of this opinion and exhaust all efforts to settle this case.

Entered:

**Judge Ruben Castillo**

12

**United States District Court**

**Dated:  August 26,  2009**