UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| NEBLOCK TRUCKING, INC; and <br> JOHN ANDRUCH and JACK ANDRUCH, JR. <br> d/b/a WALNUT FARMS; <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS P. SCOTT, in his official capacity as Director of the Illinois Environmental Protection Agency; <br><br> Defendant. | Case No.: 09 CV 1985 <br><br> Judge Castillo <br><br> Magistrate Judge Schenkier |

**PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Neblock Trucking, Inc., and John Andruch, Jr. and Jack Andruch d/b/a Walnut Farms ("Plaintiffs") bring this Amended Complaint for declaratory judgment pursuant to 28 U.S.C. §2201 against Defendant DOUGLAS P. SCOTT ("Defendant"), in his official capacity only, and allege as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including *inter alia*, Article I, Section 8, Clause 3, of the United States Constitution. In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(3) because this action seeks to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of rights, privileges or immunities secured by the Constitution of the United States or by any Act of

Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

2. Defendant is subject to the personal jurisdiction of this Court in that Defendant resides in the State of Illinois and that Plaintiffs' claims for relief directly arise from Defendant's acts within the State of Illinois.

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this judicial district at one of his official offices, the James R. Thompson Center in Chicago, Illinois.

## THE PARTIES

4. The Plaintiffs are all persons who generate and/or transport municipal solid waste (hereinafter "waste").

5. Prior to December 11, 2009, a transfer station operated by United Disposal of Bradley, Inc. (United Disposal), was restricted by its Illinois Environmental Protection Agency (Illinois EPA) permit and prohibited from accepting waste generated outside the municipal boundaries of the Village of Bradley, Illinois ("Bradley"). That geographical restriction stated: "9. No waste generated outside the municipal boundaries of the Village of Bradley may be accepted at this facility."

6. "Transfer stations" are facilities were waste is unloaded from collection vehicles and briefly held while it is reloaded onto larger long-distance transport vehicles for shipment to landfills or other treatment or disposal facilities. There are no landfills or other waste treatment or disposal facilities in Kankakee County, Illinois that are accepting waste, and there are no such facilities that are economically, mechanically, and logistically feasible to travel to by collection vehicles. Thus, the only method of moving waste out of Kankakee County, Illinois is through a transfer station. In addition to United Disposal, there is another transfer station located in Kankakee County, specifically in Momence, Illinois (hereinafter "Momence transfer station").

The Momence transfer station is not owned or operated by United Disposal, is not geographically limited as respects waste acceptance by its Illinois EPA permits, and, on information and belief, is at, near, or over capacity.

7.   Plaintiff Neblock Trucking, Inc. is an Illinois Corporation with its principal office within Kankakee County, Illinois. Neblock Trucking's principal business is hauling steel. However, as part of its business, Neblock Trucking generates waste at its office, outside the Village of Bradley, as well as in the various states in the United States to which it hauls or from which it retrieves goods.

8.   Prior to December 11, 2009, Neblock Trucking sought to have United Disposal collect its waste generated within the County of Kankakee, Illinois and in the various states where it does business, and transfer that waste through the United Disposal transfer station. However, United Disposal informed Neblock Trucking that United Disposal was unable to accept waste generated outside of Bradley because of the geographical restriction in its Illinois EPA permit. Neblock Trucking's only alternative was to contract with a hauler who utilizes the Momence transfer station. The Momence transfer station imposes higher fees than does United Disposal for identical waste, thus, the cost to Neblock Trucking was more than if it were able to contract with a hauler using the United Disposal transfer station.

9.   After December 11, 2009, Neblock Trucking began to utilize the United Disposal transfer station when Illinois EPA purportedly changed the United Disposal permit to remove the aforementioned geographical restriction on waste acceptance.

10.   John Andruch, Jr. and Jack Andruch are brothers operating a feed and livestock farm under the business name Walnut Farms. Walnut Farms is located along the border of Illinois and Indiana with farm property located in both states. John Andruch resides in Indiana at 7000 West State Road 10, Lake Village, Indiana 46349. Jack Andruch is an Illinois resident residing at 18000 East State Road 114, Momence, Illinois 60954. Walnut Farms regularly does business in Bradley.

11.   Prior to December 11, 2009, Walnut Farms wanted to bring the waste it generated

on its farm located outside of Bradley and, in part, outside Illinois to United Disposal's transfer station. However, United Disposal informed Walnut Farms that United Disposal was unable to accept waste generated outside of Bradley because of the geographical restriction in its Illinois EPA permit. Because Walnut Farms does business in Bradley and has available backhauls from Bradley, it would incur little or no transportation costs for disposal of waste at United Disposal. The only alternative transfer station at Momence imposes higher fees than does United Disposal for identical waste. Thus, the cost to Walnut Farms was more than if it were able to contract with United Disposal's transfer station.

12. After December 11, 2009, Walnut Farms has not utilized the United Disposal transfer station when Illinois EPA purportedly changed the United Disposal permit to remove the aforementioned geographical restriction on waste acceptance.

13. Defendant Douglas P. Scott is the Director of the Illinois Environmental Protection Agency and is being sued in his official capacity only. His principal places of business are Springfield and Chicago, Illinois.

14. The Illinois Environmental Protection Agency ("IEPA") is an agency of the State of Illinois created by the Illinois General Assembly in Section 4 of the Illinois Environmental Protection Act ("the Act"), 415 ILCS 5/4 (2006), and is charged with enforcing the Act.

## THE FACTUAL BACKGROUND

A. **Overview of the Act**

15. The Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq.* (the "Act") is a statutory scheme that, *inter alia*, dictates the conditions under which waste can be disposed of, treated, stored, or abandoned within the state of Illinois and the conditions under which waste can be transported into or within the state of Illinois for disposal, treatment, storage, or abandonment therein.

16. The Act generally prohibits any person or entity from transporting waste except to a pollution control facility that meets the requirements of the Act. Specifically, it provides: "No person shall: …. Dispose, treat, store or abandon any waste, or transport any waste into this State

for disposal, treatment, storage or abandonment, except at a site or facility which meets the requirements of this Act and of regulations and standards thereunder." [415 ILCS 5/21(e).]

17. The Act establishes a scheme for the issuance of permits for pollution control facilities, which are defined to include "any waste storage site, sanitary landfill, waste disposal site, waste transfer station, waste treatment facility, or waste incinerator." [415 ILCS 5/3.330(a), 5/39.]

**B.     The Act Prior to the 1994 Amendment**

18. Prior to Amendments that became effective December 22, 2004, the Act distinguished between regional pollution control facilities ("RPCFs") and local pollution control facilities ("LPCFs").

19. LPCFs were prohibited from receiving waste generated outside the boundaries of the local general purpose unit of government in which they were located, while RPCF's were not so prohibited. [415 ILCS 5/3.32, 39.2 (1992).] One of the prerequisites to obtaining Illinois EPA permits for a LPCF was obtaining zoning approval of the local government in which the LPCF was located. RPCF's were exempt from local zoning and, instead, had to obtain site location approval pursuant to the Act. [415 ILCS 5/39.2, 39.2(g) (1992).]

**C.     The 1994 Amendment to the Act**

20. On July 8, 1993, the United States District Court for the Southern District of Illinois, in a case called *Tennsv, Inc. v. Gade* (Case No. 92-503 WLB), struck down the provisions of the Act that distinguished between LPCFs and RPCFs on the ground that those provisions violated the Dormant Commerce Clause of the U.S. Constitution. [*Tennsv, Inc. v. Gade*, U.S. Dist. Ct., S.D. Ill., Case No. 92-503 WLB, consolidated with *VLP Corporation v. Penny*, U.S. Dist. Ct., S.D. Ill., Case No. 92-522 WLB, Order dated July 8, 1993, published at 1993 U.S. Dist. LEXIS 10403; 24 ELR 20019].

21. In response to United States District Court's order in *Tennsv, Inc. v. Gade*, the Illinois legislature enacted Illinois Public Act 94-951 ("the 1994 Amendment"), which amended the Act, effective December 22, 1994, so as to abolish the distinction between RPCFs and LPCFs

and to require all new pollution control facilities, including but not limited to transfer stations, to obtain siting approval. Section 98 of Illinois Public Act 94-951 stated: "The change made to Section 39.2 of the Environmental Protection Act by this amendatory Act of the 94th General Assembly applies only to siting applications filed on or after the effective date of this amendatory Act."

### D.     United Disposal Transfer Station and former Permit Condition

22.     United Disposal is an Illinois corporation, in good standing, operating a waste collection business and, separately, a waste transfer station, located at 1000 East Liberty Street in Bradley, Kankakee County, Illinois.

23.     Municipal Trust & Savings Bank as Trustee under Trust 0799 (hereinafter "Trustee"), is an Illinois land trust and is the owner of the property on which the United Disposal Transfer Station is located.

24.     Prior the 1994 Amendment to the Act, United Disposal and Trustee obtained local zoning approval from Bradley and applied for a development permit with the Illinois EPA to construct a LPCF in Bradley. On September 21, 1994, Illinois EPA granted United Disposal and Trustee's application for a development permit (No. 1994-306-DE). That permit approved the development of a municipal waste transfer station.

25.     On December 5, 1994, United Disposal and Trustee, having already completed construction of the transfer station, applied to Illinois EPA for an operational permit. On January 19, 1995, after the 1994 Amendment, the Illinois EPA issued United Disposal permit (Permit No. 1994-306-OP) for the operation of a solid waste transfer station in the Bradley, Illinois. Permit No. 1994-306-OP contained Special Condition No. 9, which provided, in part: "No waste generated outside the municipal boundaries of the Village of Bradley may be accepted at this facility." (for convenience, the quoted part only is referenced hereafter as "Special Condition No. 9").

26.     On March 31, 2003, United Disposal and Trustee filed with the IEPA an application for modification of Permit No. 1994-306-OP asking the IEPA to remove Special

Condition No. 9 ("United Disposal Administrative Action"). The Illinois EPA denied the application, and United Disposal appealed that denial to the Illinois Pollution Control Board (IPCB). In a published opinion, the IPCB affirmed the Illinois EPA's decision. *United Disposal of Bradley, Inc. v. Illinois EPA*, PCB 03-235, 2004 WL 1470978 (June 17, 2004).

27. United Disposal appealed the IPCB's decision to the Appellate Court of Illinois, Third District. The Appellate Court, in a published opinion, affirmed the denial of United Disposal's request to remove Special Condition No. 9. *United Disposal of Bradley, Inc. v. Illinois Pollution Control Board, et al.*, 842 N.E.2d 1161 (3rd Dist. App. Ct. IL).

28. Throughout United Disposal's request and appeals, Defendant and Illinois EPA maintained that they had no legal authority to remove Special Condition No. 9.

29. The Plaintiffs were not parties to the United Disposal Administrative Action or the appeals that followed. Under restrictions contained in the Act, the Plaintiffs could not have been parties to the United Disposal Administrative Action or the appeals that followed.

30. The Plaintiffs filed the Complaint (and Corrected Complaint) in this matter, seeking, among other things, a declaration from the Court that Special Condition No. 9 violated Article I, Section 8, Clause 3 of the United States Constitution and permanently enjoining Defendant from enforcing Special Condition No. 9.

31. On information and belief, after years of defending Special Condition No. 9 against United Disposal's request to remove it from its permits, and in response to the Complaint and ruling by the Court on the Defendant's motion to dismiss, on or about December 11, 2009, the Defendant and Illinois EPA re-issued United Disposal's permit without an application from United Disposal, and removed the relevant part of Special Condition No. 9.

32. Defendant then claimed this suit was moot and filed a motion to dismiss, which, on or about December 17, 2009, was granted, without prejudice.

E. **United Disposal Transfer Station and new Permit Condition**

33. Plaintiffs sought the legal removal of the permit condition in their Complaint (and Corrected Complaint).

34. Special Condition No. 9 was unilaterally removed from the permit by Defendant and Illinois EPA, appearing to allow Plaintiffs to bring waste to the United Disposal transfer station.

35. However, despite this amendment to the United Disposal permit, Plaintiffs' reasonably fear that a citizen complaint, filed before the IPCB, will be filed against them in response to their use of the United Disposal transfer station and, specifically, their delivery of waste (as an item of interstate commerce and waste that was generated outside of the Village of Bradley of out of the State of Illinois). The IPCB has previously ruled that Special Condition No. 9 is not discriminatory. *United Disposal of Bradley, Inc. v. Illinois EPA*, PCB 03-235, 2004 WL 1470978 (June 17, 2004).

36. Previously, Illinois EPA has represented in court-filed documents that it has no authority to "unilaterally" make the decision to remove Special Condition No. 9, as it has done in this case.

37. Additionally, Illinois EPA has represented in court-filed documents that it has no authority to remove Special Condition No. 9 as it would require an amendment of the development permit (in addition to operational permit) for the transfer station, which, the Illinois EPA has contended, violates Section 39(c) of the Act. (415 ILCS 5/39(c)).

### FIRST CLAIM FOR RELIEF
### (VIOLATION OF U.S. CONST., ART. I, § 8, CL. 3)
### (PLEAD FOR PURPOSES OF PRESERVING ISSUE FOR APPEAL)

38. Plaintiffs reallege and incorporate herein Paragraphs 1-37 as and for Paragraph 38 by this reference as though fully set forth herein.

39. Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994-306-OP, amended by No. 2006-154-SP, discriminates against waste generated outside of Bradley and outside of Illinois in violation of Article I, Section 8, Clause 3 of the United States Constitution.

40. It is the purpose and intent of Section 21(e) of the Act, acting in conjunction with Special Condition No. 9 in Permits 1994-306-DE, and No. 1994-306-OP, amended by No.

2006-154-SP, to discriminate against waste generated outside of Bradley and outside of Illinois in violation of Article I, Section 8, Clause 3 of the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as set forth in the Prayer for Relief below.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF 42 U.S.C. § 1983)
## (PLEAD FOR PURPOSES OF PRESERVING ISSUE PENDING MOTION FOR RECONSDIERATION AND APPEAL)

41. Plaintiffs reallege and incorporate herein Paragraphs 1-40 as and for Paragraph 41 by this reference as though fully set forth herein.

42. Defendant's conduct, in his official capacity and under the color of Illinois law, has deprived Plaintiffs of constitutional rights as set forth in the above count.

43. Defendant's aforementioned conduct is the direct and proximate cause of the constitutional violations set forth.

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGEMENT

44. Plaintiffs reallege and incorporate Paragraphs 1-40 of the Amended Complaint as and for Paragraph 44 by this reference as though fully set forth herein.

45. Enforcement proceedings may be initiated against any person allegedly violating the Act, any rule or regulation adopted under the Act, any permit or term or condition of a permit, or any Board order (415 ILCS 5/31(d)(1)). These proceedings are commonly known as citizen suits and are filed before the IPCB. (Id.; 35 IAC 103.106, et seq.).

46. The Act prohibits, among other things, the "... transport[ing] of any waste into this State for disposal, treatment, storage or abandonment, except at a site or facility which meets the requirements of this Act and of regulations and standards thereunder." 415 ILCS 5/21(e).

47. Plaintiffs are fearful that if the generate and by generating waste that is transported to or transport waste to United Disposal's transfer station, a person will bring a citizen suit before the IPCB alleging that one or both of them are illegally transferring waste at the United Disposal transfer station under Section 21(e) of the Act.

48. The existence of the permit, as amended, has been said to be no defense to such administrative actions, such as under Section 31(c) of the Act. *Landfill, Inc. v. Pollution Control Board*, 387 N.E.2d 258, 265 (IL S.Ct. 1978); *see also, Mathers, et al. v. Pollution Control Board*, 107 Ill.App.3d 729, 438 N.E.2d 213 (3rd Dist. Ill).

49. Thus, with the existing case law concerning Special Condition No. 9 as applies to United Disposal's transfer station; the prior, on-the-record statements of the Illinois EPA that the unilateral removal of Special Condition No. 9 had no legal basis; the nearly decade-long fight that the Illinois EPA has put up to protect Special Condition No. 9; and the potential for a citizen suit against Plaintiffs before the IPCB, the references in Illinois law that the permit is no defense to such a citizen suit, the Plaintiffs reasonably fear that one or both of them will be the subject of a citizen suit.

50. An actual controversy exists and a declaratory judgment is proper, as it would terminate this long-fought issue regarding the constitutionality of Special Condition No. 9.

51. Therefore, Plaintiffs seek judgment from this Court on whether the previous permit was unconstitutional and cannot be legally applied (as was done by the IPCB and Third District Illinois Appellate Court).

---

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

1. A declaration that Special Condition No. 9 is *per se* discriminatory and a violation of the Commerce Clause; and

2. (FOR PURPOSES OF PRESERVING ISSUE FOR MOTION FOR RECONSIDERATION AND APPEAL) That this Court find and declare that Special Condition No. 9 in Permits 1994-306-DE, and No. 1994–306–OP, amended by No. 2006-154-SP violates Article I, Section 8, Clause 3 of the United States Constitution;

3. (FOR PURPOSES OF PRESERVING ISSUE FOR MOTION FOR RECONSIDERATION AND APPEAL) That Defendant be permanently enjoined from enforcing Special Condition No. 9 in Permit Nos. 1994-306-DE and 1994–306–OP in a way that

discriminates against waste generated outside of Bradley and outside of Illinois in violation of Article I, Section 8, Clause 3 of the Unites States Constitution;

4. (FOR PUPOSES OF PRESERVING ISSUE FOR MOTION FOR RECONSIDERATION AND APPEAL) That pursuant to 42 U.S.C. § 1981, et seq., Plaintiffs be awarded their reasonable attorneys' fees and costs in this matter; and

5. For such other and further relief as the Court considers just and proper.

Dated: January 19, 2010

Respectfully submitted,

/s/ *Jennifer J. Sackett Pohlenz*
Jennifer J. Sackett Pohlenz
Illinois Bar No.6225990
Indiana Bar No.18864-45-A
QUERREY & HARROW
175 West Jackson Boulevard, Suite 1600
Chicago, IL 60604-2827
Telephone: 312.540.7540
Facsimile: 312.540.0578

Charles M. English, Jr.
District of Columbia Bar No. 386572
Ober, Kaler, Grimes & Shriver, P.C.
1401 H Street, N.W., Suite 500
Washington, D.C. 20005-3324