UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIBERTY DISPOSAL, INC., *et al.*, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-1985 |
| ) | |
| DOUGLAS P. SCOTT, ) | Judge Castillo |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO MOTION TO RECONSIDER**

Defendant Douglas P. Scott, by his attorney, LISA MADIGAN, Illinois Attorney General, files his Response to Motion to Reconsider, stating as follows:

**I. INTRODUCTION**

Plaintiffs filed suit to challenge the constitutionality of a condition in a permit issued to a non-party which regulated the source of waste which could be processed by the non-party. Prior to any judgment being entered by this Court, the permit was reissued without the challenged condition. This Court found that this case was moot. Plaintiffs have challenged the finding of mootness.[1]

**II. ARGUMENT**

Despite the fact that the permit condition about which Plaintiffs complained no longer exists, Plaintiffs continue to assert that the issue of the condition's constitutionality is a live controversy. "Article III of the Constitution limits the exercise of judicial power to 'cases' and 'controversies,' and federal courts established pursuant to Article III do not render advisory opinions. The case or

---

[1] Plaintiffs continue to assert that the enforcement action in Kankakee County is still pending. [Motion to Reconsider, footnote 2]. On February 11, 2010, an Amended Petition was filed which removed any enforcement action related to the stricken condition.

1

controversy jurisdictional requirement applies to actions for declaratory judgments with equal force as it does to actions seeking traditional coercive relief . . . A litigant must demonstrate an injury which is real, not imaginary; concrete, not abstract; apparent, not illusory; and demonstrable, not speculative. It is insufficient that an actual controversy may occur in the future; it must presently exist in fact." *J.N.S. Inc. v. Indiana*, 712 F.2d 303, 305 (7th Cir. 1983). "The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit . . . [the Supreme Court] is without power to give advisory opinions . . . [i]t has long been [the Supreme Court's] considered practice not to decide abstract, hypothetical or contingent questions . . . or to decide any constitutional question in advance of the necessity for its decision." *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461 (1945).

Plaintiffs' arguments for reversing the finding that this case is moot are that, first, the removal of the permit condition amounts to only a voluntary cessation of the unconstitutional conduct such that the conduct could be repeated and, second, that Plaintiffs could, hypothetically, face lawsuits based on the validity of the new permit which lacks the condition.

## A. VOLUNTARY CESSATION

Plaintiffs mistakenly refer to the action taken by Defendant as a voluntary cessation of enforcement action. This is not the case. Defendant has not voluntarily ceased to enforce Special Condition #9. Special Condition #9 no longer exists. Defendant did voluntarily reissue the permit without the allegedly unconstitutional

provision, but that is not the same as voluntarily ceasing to enforce an existing provision. It is impossible for Defendant to enforce Special Condition #9 because it longer exists.

Plaintiffs cite to *United States v. Grant*, 345 U.S. 629 (1953), a Clayton Act enforcement action, for the proposition that voluntary cessation of conduct does not moot a case. *Grant* is easily distinguished on its facts: a private company voluntarily ceased allegedly illegal action in order to avoid enforcement of the Act against the company. As noted above, there has in actuality been no voluntary cessation of enforcement action by Defendant, but even if it is determined that there has been, enforcement action cannot be resumed because the permit condition no longer exists. Defendant cannot, even if he desired to, enforce a condition which no longer exists. This case is not a case where the court must "beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption." *Grant*, FN5 at 632. Plaintiffs also cite *United States v. Concentrated Phosphate Export Association, Inc.*, 393 U.S. 199 (1968), another anti-trust case brought against private entities, for the proposition that it must be absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. This proposition strongly supports Defendant's claim of mootness – it is absolutely clear that the permit condition cannot be enforced in the future because the condition is no longer a part of the permit. Additionally, as stated in Defendant's Motion to Dismiss, "We note additionally that cessation of the allegedly illegal conduct by

government officials has been treated with more solicitude by the courts than similar action by private parties. According to one commentator, such selfcorrection provides a secure foundation for a dismissal based on mootness so long as it appears genuine. *See* 13A Wright, Miller & Cooper *Federal Practice and Procedure* § 3533.7, at 353 (2d ed. 1984)." *Ragsale v. Turnock*, 841 F.2d1358, 1365 (7th Cir. 1988).

### B. SPECULATIVE FUTURE LAWSUITS

Plaintiffs state in Section A of their Motion "The Plaintiffs face a *potential* third-party citizen suit challenging their use of United Disposal's transfer facility under the new permit." (emphasis added). They go on to state that "enforcement proceedings *may* be initiated." (emphasis added). Plaintiffs' arguments all consist of "what if" scenarios, however, the speculative musings of Plaintiffs' counsel cannot create a case or controversy sufficient to provide this Court with jurisdiction to continue this case.

Beside being speculative, and therefore failing to meet Article III's requirement of an actual case or controversy, the potential of future litigation to challenge the status of the permit would not be changed even if this Court did enter an order finding the permit condition to be unconstitutional. The result of such an order would be that the permit would be exactly the same as the new permit already reissued by Defendant. Plaintiffs would still face the potential of lawsuits challenging the lack of siting approval.

Plaintiffs' argument that injunctive relief protects Defendant from future litigation and provides Plaintiffs with a guarantee that the permit condition will not

4

re-appear is wrong. Injunctive relief provides neither. The end result of the litigation may very well be that United Disposal will lose its permit in its entirety. Defendant made the argument in his Motion to Dismiss Reply that if this Court finds the permit condition to be unconstitutional, the permit could be completely invalidated due to the lack of site approval.

Plaintiffs' concerns about this Court's August 26, 2009, Memorandum and Opinion [Motion, p.3] are misplaced and irrelevant. First, the Memorandum does not constitute a binding judgment that the permit condition was unconstitutional. Contrary to the circumstances in *Boyce v. Ashcroft*, 268 F.3d 953 (10th Cir. 2001), in this case there is no judgment to vacate or preclusive effects to remove. Second, the permit condition no longer exists, therefore there is no need for this Court's interpretation of its constitutionality.

WHEREFORE, Defendant prays that Plaintiffs' Motion to Reconsider be denied.

**LISA MADIGAN**
**Illinois Attorney General**

**Respectfully Submitted:**
**s/JAMES A. LANG**
**IL Bar 06211100**
**Assistant Attorney General**
**General Law Bureau**
**100 W Randolph St, 13th FL**
**Chicago IL  60601**
**Phone:   (312) 814-5694**
**Fax:       (312) 814-4425**
**jlang@atg.state.il.us**

## CERTIFICATE OF SERVICE

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this February 16, 2010, upon the individuals identified below in the manner indicated.

| | |
|---|---|
| JENNIFER J. SACKETT-POHLENZ<br>QUERRY & HARROW, LTD<br>175 W JACKSON BLVD STE 1600<br>CHICAGO IL  60604 | CHARLES M. ENGLISH<br>WENDY  YOVIENE<br>OBER, KALER, GRIMES & SHRIVER<br>1401 H ST NW RM 500<br>WASHINGTON DC  20005 |
| VIA CM/ECF | VIA CM/ECF |