UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIBERTY DISPOSAL, INC., *et al.*, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-1985 |
| ) | |
| DOUGLAS P. SCOTT, ) | Judge Castillo |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Douglas P. Scott, by his attorney, LISA MADIGAN, Illinois Attorney General, files his Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), stating as follows:

**I. INTRODUCTION**

Plaintiffs filed suit to challenge the constitutionality of a condition in a permit issued to a non-party which regulated the source of waste which could be processed by the non-party. Prior to any judgment being entered by this Court, the permit was reissued without the challenged condition. This Court found that this case was moot and dismissed the Complaint. Plaintiffs were given leave to file an Amended Complaint.

**II. STANDARD FOR MOTION TO DISMISS**

When considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), or challenges to the court's subject matter jurisdiction under 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts -

1

as well as any inferences reasonably drawn therefrom - in the light most favorable to the plaintiff. *Patel v. City of Chicago,* 383 F.3d 569, 572 (7th Cir. 2004).

### III. ARGUMENT

The Declaratory Judgment Act, 28 U.S.C. §2201 states in pertinent part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The key to seeking relief under the Act is that there must exist an actual controversy. "Article III of the Constitution limits the exercise of judicial power to 'cases' and 'controversies,' and federal courts established pursuant to Article III do not render advisory opinions. The case or controversy jurisdictional requirement applies to actions for declaratory judgments with equal force as it does to actions seeking traditional coercive relief . . . A litigant must demonstrate an injury which is real, not imaginary; concrete, not abstract; apparent, not illusory; and demonstrable, not speculative. It is insufficient that an actual controversy may occur in the future; it must presently exist in fact." *J.N.S. Inc. v. Indiana*, 712 F.2d 303, 305 (7th Cir. 1983). "The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit . . . [the Supreme Court] is without power to give advisory opinions . . . [i]t has long been [the Supreme Court's] considered practice not to decide abstract, hypothetical or contingent questions . . . or to decide any

constitutional question in advance of the necessity for its decision." *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461 (1945).

Plaintiffs' Amended Complaint explicitly states that no controversy currently exists: "Plaintiffs' (sic) reasonably fear that a citizen complaint . . *will be filed*" [¶35]. "Enforcement proceedings *may be initiated*" [¶45]. "Plaintiffs are fearful that . . . a person *will bring* a citizen suit. [¶47]. More directly on point are Plaintiffs' statements that the permit condition previously at issue no longer exists: "Defendant . . . removed the relevant part of Special Condition No. 9." [¶31]. "Special Condition No. 9 was unilaterally removed from the permit." [¶34]. This Court lacks jurisdiction to issue an advisory opinion on the constitutionality of a permit condition which no longer exists in order to provide Plaintiffs with protection from lawsuits which could, hypothetically, be filed at some future time.

### IV. CONCLUSION

This Court does not have subject matter jurisdiction to issue an advisory opinion as requested by Plaintiffs' Amended Complaint. Plaintiffs fail to state a cause of action based on the speculative harms alleged in the Amended Complaint. The Amended Complaint should therefore be dismissed with prejudice.

WHEREFORE, Defendant moves this Court to dismiss the Amended Complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim.

| | |
|---|---|
| **LISA MADIGAN**<br>**Illinois Attorney General** | **Respectfully Submitted:**<br>**s/JAMES A. LANG**<br>**IL Bar 06211100**<br>**Assistant Attorney General**<br>**General Law Bureau**<br>**100 W Randolph St, 13th FL**<br>**Chicago IL  60601**<br>**Phone:   (312) 814-5694**<br>**Fax:       (312) 814-4425**<br>**jlang@atg.state.il.us** |

### CERTIFICATE OF SERVICE

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this February 18, 2010, upon the individuals identified below in the manner indicated.

| | |
|---|---|
| JENNIFER J. SACKETT-POHLENZ<br>QUERRY & HARROW, LTD<br>175 W JACKSON BLVD STE 1600<br>CHICAGO IL  60604 | CHARLES M. ENGLISH<br>WENDY  YOVIENE<br>OBER, KALER, GRIMES & SHRIVER<br>1401 H ST NW RM 500<br>WASHINGTON DC  20005 |
| VIA CM/ECF | VIA CM/ECF |

4